## Marx v. The Pullman Company.

*Carriers — Baggage — Loss from sleeping-car — Liability—Negligence— Question for jury.*

1. The simple proof of loss of personal property in the possession of a passenger in a sleeping-car does not make out a *prima facie* case of liability on the part of the carrier.

2. The Pullman Company is not an insurer against loss of a passenger's personal baggage retained by him in his own possession.

3. The measure of duty of The Pullman Company toward its passengers is reasonable care in the protection of the passengers property under the circumstances of the particular case.

4. In an action to recover the value of baggage alleged to have disappeared from a passenger's berth during the night, it appeared that the passenger was cold and rang for the porter. There was no response. He arose and went through the car to find the porter and the conductor, but found neither. He then went to the smoking compartment and remained there for about an hour; he saw neither the porter nor the conductor and finally went back to his berth. In the morning he discovered that his handbag was gone: *Held*, that the case was one for the jury on the question whether or not the company was guilty of negligence in properly protecting the passenger's property.

Motion for judgment *n. o. v.* C. P. Allegheny Co., Jan. T., 1924, No. 680.

Before Ford, Douglass and Rowan, JJ.

*Max Spann*, for plaintiff.

*Reed, Smith, Shaw & McClay* and *P. K. Motheral*, for defendant.

ROWAND, J., March 10, 1925.—This matter comes before the court on motion by the defendant for judgment in its favor and judgment *non obstante veredicto* on the whole record.

The action is in trespass, brought by the plaintiff, who was a passenger on a sleeping-car of the defendant company, having taken passage at the City of Pittsburgh, Pennsylvania, and his destination was Boston, Massachusetts.

The action is based on the loss of a handbag and contents, retained in his possession in his berth in the sleeping car. It appears from the evidence that the plaintiff, at about 3.30 P. M., on April 22, 1923, boarded a car of the defendant company and that his handbag was placed in the berth assigned to him. That, as he retired for the night at about ten o'clock, the handbag was in place and that at about four o'clock the following morning, it being chilly, plaintiff rang for the porter for some service. There being no response, he

Marx *v.* The Pullman Company.

arose from his berth, and looking through the car for either the conductor or porter, finding neither, went to the smoking department and remained in and about that part of the car for about an hour. Upon seeing neither the porter nor conductor, he went back to his berth and went to sleep and awoke about eight, and in looking for his handbag, found that it was not in place and again called the porter and a search was made, but it could not be found.

The plaintiff offered testimony as to the value of the bag itself and several articles as contained therein. C. E. Watson, the porter in the car, testified that he was in the car all night, except at station stops, at which time the door of the car was locked at the opposite end to which he was attending to his duties.

The conductor, F. R. Coyne, testified he was in charge of the train on this night from Pittsburgh to Philadelphia and passed through this car not less than fifteen times, and upon each time saw the porter. He left the train at Philadelphia at 11.55 P. M. In reply to question by counsel for defendant of transcript of testimony, speaking of the porter: "Q. Was it your duty to see that he was guarding the car? A. Yes, sir."

Another conductor, Q. D. Bittle, took charge of the train at Philadelphia and remained up until about four o'clock, at which time he went to bed. It does not appear from his testimony whether it was in this particular car or some other, but he does state that at the time he went to bed he was relieved by another conductor. This other conductor was not called as a witness. At the conclusion of the testimony defendant's counsel presented a point for binding instructions, as follows: "Under all the pleadings and evidence in this case your verdict must be for the defendant for the following reasons: There is no evidence of any negligence on the part of the defendant or its agents which was the proximate cause of the plaintiff's damages."

This point was refused.

In view of the testimony of the plaintiff as to the loss of his handbag and of making a search for the conductor and porter of the car and seeing no employee in or about the car for a space of one hour, we are of the opinion it was for the jury to determine the question of negligence.

The jury were charged, in part, as follows: "Where personal property of a passenger, retained by him in his own possession while occupying a place in a sleeping-car is lost, the company is liable only when it is shown that the loss resulted from the carrier's negligence in failing to use reasonable care in the protection of the passenger's property. The simple proof of loss of personal property in the possession of a passenger in a sleeping-car does not make out what we understand as a *prima facie* case or liability on the part of the company. In order to recover for his loss, the plaintiff, as I have said before, must prove that the employees of the defendant company failed to use reasonable care to protect his property. The negligent act relied on must have some relation to the loss, and it must appear, as we have said before, to have been the proximate cause of the loss. We say, and we have said before, The Pullman Company is not an insurer against loss of a passenger's personal property. Where a passenger boards a train and has his baggage checked to his destination, the common carrier is an insurer against loss and is liable to that passenger, except where its loss or destruction is due to some act of God or to an enemy of the country. This does not apply where a man enters a passenger car and takes his baggage with him. Then the company is required to use only reasonable care under the circumstances. Then, as I have said, in order for the defendant company to perform its duty of exercising reasonable care in the protection of a passenger's property, it is not necessary that it

should have some person constantly standing as a sentry in the aisle of his car or constantly moving back and forth in the aisle of the car as a guard or a watchman."

The above we believe to be the principle as laid down and to some extent a quotation of the opinion of Mr. Justice Stewart in the case of Springer v. Pullman Co., 234 Pa. 172.

The verdict of the jury was in favor of the plaintiff in the sum of $175.

After a careful consideration of the whole of the record, we are of the opinion that the question of the negligence of the defendant company was a fact to be determined by the jury. Motion refused.

From William J. Aiken, Pittsburgh, Pa.